**HOSPITAL ASSOCIATION OF NEW YORK STATE, INC. et al., Plaintiffs-Appellees,**

v.

**Philip L. TOIA, as Commissioner of Social Services of the State of New York, et al., Defendants-Appellants,**

**and**

**David Mathews, as Secretary of the U.S. Department of Health, Education & Welfare, Defendants.**

**Nos. 840, 841, Dockets 76–6117, 76–6183.**

United States Court of Appeals, Second Circuit.

Argued Feb. 28, 1977.

Decided March 16, 1977.

Jacob Imberman, New York City (Proskauer, Rose, Goetz & Mendelsohn, New York City, Steven S. Miller, Robert M. Kaufman, M. William Scherer, Susan Rosenfeld, New York City, of counsel), for plaintiffs-appellees.

Robert N. Sayler, Special Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., Irwin Finkelstein, Asst. Atty. Gen., Charles A. Miller, Patricia A. Barald, Special Asst. Attys. Gen., Covington & Burling, Washington, D. C., on the brief), for defendants-appellants Toia, Whalen, Goldmark and Carey.

Before MANSFIELD, MULLIGAN and OAKES, Circuit Judges.

PER CURIAM:

This is an appeal from orders entered in the United States District Court for the Southern District of New York by Hon. Morris E. Lasker on August 2 and November 9, 1976. In the judgment entered on August 2 the district court found that Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* and the regulations thereunder require that the Secretary of Health, Education and Welfare (HEW) approve, as part of the state's Plan for Medical Assistance, the methods and standards developed by a state to pay hospitals the reasonable cost of in-patient hospital services in advance of their implementation. The district court found that three New York regulations, 10 N.Y.C.R.R. §§ 86.14(b), 86.21(k) and 86.26, used to calculate such reimbursement rates were illegal because the approval of the Secretary had not been secured prior to their implementation. The court permanently enjoined the defendants from enforcing these regulations until the Secretary approved them. In addition, the defendants were ordered to recompute the reimbursement rates for in-patient services and reimburse the plaintiffs at the previous rates for the period from January 1, 1976 when unapproved regulations went into effect until the time of HEW approval of the recent amendments.

On August 16, 1976, the day before argument was to be heard in the Court of Appeals on the defendants' motion for a stay pending appeal, the Secretary approved two of the proposed regulations, 10 N.Y.C.R.R. §§ 86.21(k) and 86.14(b). This court remanded the case to the district court to determine whether the approved amendments to the state's Plan for Medical Assistance could be applied retroactively. Before the determination of this question in the district court, the Secretary on October 4, 1976 approved the third regulation, 10 N.Y.C.R.R. § 86.26. By an order entered November 9, 1976 Judge Lasker held that the amendments could not be applied retroactively from the date of their approval to January 1, 1976 and directed the defendants to comply with his order of August 2. The defendants then appealed from this order.

On December 31, 1975, Congress enacted P.L. 94–182, § 111, 89 Stat. 1054, codified at 42 U.S.C. §§ 1396a(g) and 1396b(*l*). This law which was to become effective on January 1, 1976 gave states receiving federal Medicaid funds the option of either including in the state plan a waiver of Eleventh Amendment immunity with respect to suits brought by providers of in-hospital services or facing a 10% reduction in their federal payments. In response to this law, New York State executed a waiver of its Eleventh Amendment immunity on March 30, 1976. Thus at the time of the initial dis-

**14**

trict court judgment in August the state's immunity had been waived.

On October 18, 1976 Congress passed P.L. 94–552, 90 Stat. 2540, which repealed P.L. 94–182, § 111, 89 Stat. 1054, the Act pursuant to which New York waived its immunity. The repealer was made explicitly retroactive to January 1, 1976, the day the repealed statute went into effect. On October 28, 1976 HEW issued to states which had executed waivers a directive to withdraw them effective January 1, 1976. New York State withdrew its waiver which was approved by HEW on December 8, 1976. Although the repealer was passed prior to the district court's ruling on retroactivity in November 1976, the trial court did not have an opportunity to determine the effect, if any, of the repealer on this action. There was a hearing scheduled after the November order to consider this question. However, the district court considered that it was without jurisdiction since a notice of appeal had been filed.

In addition to the novel legal question presented by the repealer itself, a further constitutional issue not briefed by the parties to this appeal is implicit. If the repealer and the withdrawal of the state waiver are found to revivify the state's Eleventh Amendment immunity, are the plaintiffs deprived of property (the August money judgment) without due process in violation of the Fifth Amendment? We express no opinion on either question. We are faced here with the unique situation where the constitutional issues set forth which may be fully determinative of the appeal have never been presented to or decided by the district court and not fully developed in this court. Under these circumstances we believe that the appellate process is best served by remanding these issues for determination in the first instance by the district court.